OFFICE OF THE UNITED STATES TRUSTEE
74 Chapel Street
Albany, NY 12207
(518) 434-4553
Eric J. Small, Esq.

**Hearing date and time:**
**December 14, 2010 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
--------------------------------------------------------x
In re:

        JEFFREY C. BURFEINDT,        Case No. 10-37347 (CGM)
                                                               (Chapter 7)

                          Debtor.
--------------------------------------------------------x

## OBJECTION OF THE UNITED STATES TRUSTEE
## TO DEBTOR'S MOTION FOR RECONSIDERATION

**TO HONORABLE CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

       The United States Trustee for Region 2 respectfully submits this Objection to the debtor's motion, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of this Court's November 17, 2010 order dismissing the Chapter 7 case.

### Introduction

       The debtor's motion for reconsideration is predicated upon Federal Rule of Civil Procedure 60(b)(1), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024 based upon an assertion of excusable neglect in his failing to obtain credit counseling within the 180 day period prior to the filing of his bankruptcy case. By his motion, the debtor seeks to reargue the facts underpinning the Court's dismissal of his case under 11 U.S.C. §§ 109(h) and 707(a). The two salient facts, however, are indisputable - (1) the debtor did not receive credit counseling prior to the filing of the case and (2) the Court had denied the debtor's request for a temporary waiver of the requirement. Given those two facts, the law is clear - the

debtor was ineligible to be a debtor under 11 U.S.C. § 109(h) and cause therefore existed to dismiss the Chapter 7 case. The Court correctly applied the law to these facts by granting the motion and entering an order of dismissal.

In support of this Objection, the United States Trustee represents and alleges as follows:

**Factual Background[1]**

1. A voluntary petition was filed on behalf of the debtor on August 5, 2010.[2]

2. The debtor did not receive credit counseling within the 180 day period preceding the filing of the case.

3. Exhibit D to the bankruptcy petition, filed on August 5, 2010, contained a certification that the debtor had requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time he made the request. The space for listing the exigent circumstances meriting a temporary waiver of the credit counseling requirement was left blank.

4. Neither the United States Trustee nor the Chapter 7 trustee took any position with respect to the debtor's request for a temporary waiver.

5. By order dated August 5, 2010, the Court denied the request for a temporary waiver of the credit counseling requirement.

6. On October 19, 2010, the United States Trustee filed a motion to dismiss the case

---

[1] The factual background of the case and legal authority for the motion are more fully set forth in the motion to dismiss the case filed on October 19, 2010 (*Docket Item #21*), which is incorporated in this objection by reference.

[2] Based upon representations made to the Chapter 7 trustee at the meeting of creditors, it appears that the petition was filed by the purported holder of a general power of attorney, although the petition itself does not reference that fact.

under 11 U.S.C. §§ 109(h) and 707(a) alleging that since the debtor had not received credit counseling within the 180 period prior to the filing of the case, and since the Court had denied the request for a temporary waiver of that requirement, the debtor was thus ineligible to be a debtor under 11 U.S.C. § 109(h) and cause existed to dismiss the case.

7. The debtor filed an objection to the motion on November 1, 2010, and a hearing was held on November 16, 2010 at which the debtor appeared along with the individual holding his power of attorney.

8. After hearing all parties, including the debtor and his representative, the Court granted the motion, and thereafter entered an order dismissing the case on November 17, 2010.

9. On November 24, 2010, the debtor filed the instant motion for reconsideration.

**Argument**

10. The debtor makes two excusable neglect arguments - one addressing his failure to raise the excusable neglect issue in his objection to the dismissal motion (resulting from his belated discovery, allegedly due to his medical issues, of cases addressing the concept of excusable neglect); and his excusable neglect in failing to obtain credit counseling within the 180 day period prior to the filing of the bankruptcy petition. The United States Trustee does not take a position with respect to whether the debtor's explanation of his excusable neglect meets the requirements of Federal Rule of Civil Procedure 60(b)(1) for the Court to hear re-argument of the motion. The United States Trustee will, however, address the substantive arguments made by the debtor.

11. Although the papers are somewhat difficult to follow, much of the debtor's argument is grounded in a belief that his failure to timely obtain credit counseling either constituted excusable neglect or was the result of excusable neglect. The debtor cites various authorities

addressing excusable neglect in contexts other than 11 U.S.C. § 109(h). He cites no authority for the proposition that a Court may consider excusable neglect as an element in determining whether or not to dismiss a case where the debtor failed to obtain credit counseling within the 180 days prior to the filing and the Court denied a request for a temporary waiver of that requirement.

12. Indeed, 11 U.S.C. § 109(h)(3) provides an alternative statutory mechanism for a debtor to avoid the consequences of a failure to obtain credit counseling within the 180 day period prior to the filing - a temporary waiver of the credit counseling requirement for up to 45 days after the filing of the case, provided the debtor meets the requirements set forth in that section by demonstrating exigent circumstances, that prior to filing he requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time he made the request, to the satisfaction of the Court. Excusable neglect is not part of that statutory mechanism. The debtor made the request in accordance with 11 U.S.C. § 109(h)(3) and the Court denied it.[3] The motion to dismiss the case referred to a final order of the Court[4] which had already determined that issue.

12. Even assuming, *arguendo*, that there was excusable neglect here, there was no excusable neglect in the context of the motion to dismiss the case. As noted, the debtor's

---

[3]In his motion, the debtor indicates that the " ...denial of such extension was not only improper by the Trustee(sic) but was also voidable voiding the Legislative intent.." It appears that the debtor is belatedly focusing on the Court's August 5, 2010 denial of the debtor's requested temporary waiver of the pre-petition credit counseling requirement. Contrary to the debtor's assertion, moreover, neither the Chapter 7 trustee nor the United States Trustee had any ability to exercise a Court function in determining a motion, did not in any respect deny his request for an extension of time, and indeed took no position at all with respect to that request.

[4]The debtor did not appeal the August 5, 2010 order within fourteen (14) days of its entry, therefore it is a final order.

arguments appear to be addressed to his excusable neglect in failing to timely obtain credit counseling, which was the subject of his August 5, 2010 motion for a temporary waiver of the credit counseling requirement, and this Court's August 5, 2010 order denying that request.

13. The debtor does not appear to challenge the two salient facts in support of the motion to dismiss the case - (1) the debtor did not receive credit counseling within the 180 day period prior to the filing of the case and (2) the Court denied the debtor's request for a temporary waiver of the requirement. Given those two facts, the law is clear - the debtor was ineligible to be a debtor under 11 U.S.C. § 109(h) and cause therefore existed to dismiss the Chapter 7 case. The Court correctly applied the law to these facts by granting the motion and entering an order of dismissal.[5] While some courts, including this Court, have held that other factors may be considered, including the "totality of the circumstances" of a Chapter 7 case, in ruling upon motions to dismiss cases for failure to meet the requirements of 11 U.S.C. § 109(h), those decisions appear to primarily deal with issues pertaining to attorney error outside of the debtors' control which resulted in manifest injustice to the debtors. They do not appear to substitute an excusable neglect standard for the "exigent circumstances" standard set forth in 11 U.S.C. § 109(h).

14. The United States Trustee also opposes the debtor's request, contained within his motion for reconsideration, for the imposition of sanctions. The United States Trustee's motion to dismiss the case was filed in good faith, was based upon the documents of record in this case and well-established law, and was in all respects factually accurate. There is no legal basis for

---

[5]The debtor's blanket assertion that the motion to dismiss the case was untimely is unsupported by any statute, rule or order.

the debtor's request and it should be denied.

## Conclusion

15. For these reasons, and as set forth in the accompanying memorandum of law, the United States Trustee requests that the debtor's motion for reconsideration and for the imposition of sanctions be denied in all respects.

**WHEREFORE**, the United States Trustee respectfully requests that the debtor's motion for reconsideration should be denied to the extent it seeks to alter the Court's November 17, 2010 order dismissing the case or to impose sanctions, and such other and further relief as may seem just and proper.

Dated: December 9, 2010

                                            TRACY HOPE DAVIS
                                            UNITED STATES TRUSTEE

                         By:    /s/ Lisa M. Penpraze
                                Lisa M. Penpraze, Esq.
                                Assistant United States Trustee
                                74 Chapel Street
                                Suite 200
                                Albany, New York 12207
                                (518) 434-4553

                         By:    /s/ Eric J. Small
                                Eric J. Small, Esq.
                                74 Chapel Street
                                Suite 200
                                Albany, New York 12207
                                (518) 434-4553

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
---------------------------------------------------------x
In re:

       JEFFREY C. BURFEINDT,         Case No. 10-37347 (CGM)
                                                        (Chapter 7)

                          Debtor.
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee of the Office of the United States Trustee for Region 2 and is a person of such age and discretion as to be competent to serve papers.

That on December 9, 2010, he served a copy of the

**OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTOR'S MOTION FOR RECONSIDERATION**

by placing a copy in a postpaid envelope addressed to each of the following person(s), at the place(s) and address(es) stated below, and by depositing each envelope and contents in the United States Mail or by electronic notice through the Court's CM/ECF system where applicable:

ADDRESSEES:

Jeffrey C. Burfeindt
c/o In Tech
1830 South Road
Suite 24
Wappingers Falls, NY 12590
Chapter 7 debtor

Jeffrey C. Burfeindt
80 Pancake Hollow Road
Highland, NY 12528
Chapter 7 debtor

7

Banner & Banner
Attn: Paul L. Banner, Esq.
515 Haight Avenue
Second Floor, Suite A
Poughkeepsie, NY 12603
Chapter 7 trustee

Dated: Poughkeepsie, New York
      December 9, 2010

                                                              /s/ Eric J. Small