UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
-------------------------------------------------------x
In re:

      JEFFREY C. BURFEINDT,           Case No. 10-37347 (CGM)
                                                            (Chapter 7)

                               Debtor.
-------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR RECONSIDERATION

**UNITED STATES TRUSTEE FOR
REGION 2
74 Chapel Street, Suite 200
Albany, New York 12207
Tel. No. (518) 434-4553**

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of the Objection of the United States Trustee to the debtor's motion for reconsideration of the Court's November 17, 2010 order dismissing the Chapter 7 case.

## STATEMENT OF FACTS

The factual allegations in support of the Objection are set forth therein, and are incorporated herein by reference.

## ARGUMENT

### A. Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure ("FRCP") 60(b), made applicable to the Bankruptcy Code pursuant to Federal Rule of Bankruptcy Procedure 9024, provides that upon such terms as are just, the Court may relieve a party from a final judgment, order or proceeding under certain circumstances. FRCP 60(b) provides in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

\*\*\*

The motion must be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. The debtor's motion in this case is timely. *See* FRCP 60(c)(1). The debtor filed this motion under FRCP 60(b), and did not specify a subsection. However, the text of the motion indicates an intention to proceed under an excusable neglect argument embodied in FRCP 60(b)(1).

FRCP 60(b) may be liberally construed to do substantial justice to allow parties to air meritorious claims in the absence of fault or prejudice, and general equitable principles govern the exercise of the Court's discretion. *In re Kirwan*, 164 F.3d 1175, 1177-78 (8th Cir. 1999). "Properly applied, the rule preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *House v. Secretary of HHS*, 688 F.2d 7, 9 (2d Cir. 1982) (citations omitted). However, "[t]he rule is not to be used as a substitute for appeal." Id., quoting *City Eutectic Corp. v. Melico, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979). "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986).

The United States Trustee does not take a position with respect to whether the debtor's explanation of his excusable neglect meets the requirements of Federal Rule of Civil Procedure 60(b)(1) for the Court to hear re-argument of the motion, since the Court has already scheduled

3

this hearing. The United States Trustee will, however, address the substantive arguments made by the debtor.

## B. The Statutory Framework

An individual may not be a debtor under Title 11, United States Code (the "Bankruptcy Code") unless that individual has, during the 180-day period preceding the date of the filing of the petition, received an individual or group briefing from an approved agency that outlined the opportunities for available credit counseling and assisted the individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). *See In re Laporta*, 332 B.R. 879, 883 (Bankr. D. Minn. 2005)("The statute is utterly clear. The performance of credit counseling pre-petition is a first-level requirement for any individual who seeks bankruptcy relief."); *In re Cleaver,* 333 B.R. 430 at 435 (Bankr. S.D. Oh. 2005)("an individual must receive credit briefing prior to filing for bankruptcy protection).

Under exigent circumstances satisfactory to the court, an individual may extend the time period for receiving the approved agency's budget and credit counseling services to 30 days after the date of filing the petition. 11 U.S.C. § 109(h)(3)(A). Thereafter, the individual may seek from the Court an additional 15 day exemption of the requirement to receive the budget and credit counseling services. 11 U.S.C. § 109(h)(3)(B). An individual that fails to receive credit counseling before filing his or her bankruptcy petition and fails to satisfy the requirements for an exigent circumstances deferral is not eligible to be a debtor under the Bankruptcy Code, and cause exists to dismiss the case. *See Clippard v. Bass*, 365 B.R. 131, 137 (W.D. Tenn. 2007).

To establish eligibility to be a debtor under the Bankruptcy Code, an individual must undergo credit counseling during the 180 days preceding his or her filing and then file with the

Court: (a) a certificate from the approved agency that describes the services provided pursuant to 11 U.S.C. § 109(h)(1) ("counseling certificate"); and (b) a copy of the debt repayment plan, if any, developed as a result of the services provided by an approved agency. 11 U.S.C. § 521 (b)(1), (b)(2).

Pursuant to Fed. R. Bankr. P. 1007(b)(3), an individual debtor who commences a case on or after October 1, 2006, must file with the petition, *Exhibit D - Individual Debtor's Statement of Compliance with Credit Counseling Requirement* (Exhibit "D"), which must include one of the following:

    (A)    an attached certificate and debt repayment plan, if any, required by § 521(b);

    (B)    a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);

    (C)    a certification under § 109(h)(3); or

    (D)    a request for a determination by the court under § 109(h)(4).

Under Fed. R. Bankr. P. 1007(c), if an individual debtor files a statement, in accordance with Fed. R. Bankr. P. 1007(b)(3), indicating that he has received the credit counseling briefing required by § 109(h)(1), but does not have the certificate required by § 521(b), the credit counseling certificate and debt repayment plan, if any, shall be filed within fifteen (15) days after the date the petition was filed.

To be eligible for a temporary waiver, a debtor must file a certification that meets each of the three requirements of 11 U.S.C. § 109(h)(3):

    (i) the certification describes exigent circumstances that merit a waiver;

> (ii) the certificate states that the debtor requested credit counseling services from an approved agency, but was unable to obtain the services during the five-day period beginning on the date on which the debtor made the request; and
>
> (iii) the certification is satisfactory to the Court.

*In re Gee,* 332 B.R. 602 (Bankr. W.D. Mo. 2005); *see also In re Talib*, 335 B.R. 417 (Bankr. W.D. Mo. 2005). The request for a temporary waiver must be filed with the petition. *See* Fed. R. Bankr. P. 1007(b)(3) and (c).

**C.** **The debtor failed to obtain credit counseling within the 180 day period prior to the filing of the case, and his motion for a temporary waiver was denied by the Court, making him ineligible to be a debtor under 11 U.S.C. § 109(h), and the Court's dismissal of the case was therefore proper.**

As set forth in detail in the Objection and the original motion to dismiss filed on October 19, 2010 incorporated by reference to the Objection, a voluntary petition was filed on behalf of the debtor on August 5, 2010. The debtor did not receive credit counseling within the 180 day period preceding the filing of the case. Exhibit D to the bankruptcy petition, filed on August 5, 2010, contained a certification that the debtor had requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time he made the request. The space for listing the exigent circumstances meriting a temporary waiver of the credit counseling requirement was left blank. The Court treated Exhibit D as a motion for a temporary waiver of the credit counseling requirement. The United States Trustee did not file papers either supporting or opposing the request for a temporary waiver. By order dated August 5, 2010, the Court denied the request for a temporary waiver of the credit counseling requirement.

The debtor's failure to receive the credit counseling during the 180 days preceding the filing, or receive a temporary waiver from the requirement for the pre-petition counseling, results in the debtor being ineligible to be a debtor. Such ineligibility constitutes cause for dismissal of this case pursuant to 11 U.S.C. § 707(a). *See In re Zarnel*, 619 F.3d 156,170-171 (2d Cir. 2010). *See also In re Watson,* 332 B.R. 740, 747 (Bankr. E.D. Va. 2005); *In re Laporta,* 332 B.R. 879 (Bankr. D. Minn. 2005); *In re Cleaver*, 333 B.R. 430 (Bankr.. S.D. Ohio 2005); *In re Wallert*, 332 B.R. 884 (Bankr. D. Minn. 2005); *In re Talib*, 335 B.R. 417, 424 (Bankr. W.D. Missouri 2005); *In re Davenport*, 335 B.R. 218 at 221 (Bankr. M.D. Fla. 2005); *In re Sukmungsa*, 333 B.R. 875 (Bankr. D. Utah 2005)(motion to vacate dismissal order denied); *In re Wilson ,* 346 B.R. 59 (Bankr. N.D.N.Y. 2006)(Gerling, BJ)(holding debtor who received counseling ten days after the filing of the case and who failed to meet the requirements for a temporary extension was ineligible and case should be dismissed); *In re Ross,* 338 B.R. 134 (Bankr. N.D. Ga. 2006); I*n re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006).

**D.     The debtor's excusable neglect argument is not part of the statutory framework, and does not address the salient facts underpinning the motion to dismiss the case.**

While it is difficult to fully comprehend the debtor's papers, it appears that his argument largely is that his failure to obtain credit counseling within the statutory time period was the result of unspecified excusable neglect, and he cites various authorities addressing excusable neglect in contexts other than 11 U.S.C. § 109(h).  *See, e.g. Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). He cites no authority for the proposition that a Court may consider excusable neglect as an element in determining whether or not to dismiss a case based upon a debtor's failure to obtain credit

7

counseling within the 180 days prior to the filing and a denial of a request for a temporary waiver of that requirement.

Indeed, as set forth above, 11 U.S.C. § 109(h)(3) provides an alternative statutory mechanism for a debtor to avoid the consequences of a failure to obtain credit counseling within the 180 day period prior to the filing - that of a temporary waiver of the credit counseling requirement for up to 45 days after the filing of the case, provided the debtor meets the requirements set forth in that section of demonstrating exigent circumstances, that he requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time he made the request, and is satisfactory to the Court. Excusable neglect is simply not part of that statutory mechanism. *See In re Childs*, 335 B.R. 623, 630 (Bankr. D. Md. (2005)(exigent circumstances standard under § 109(h) is not excusable neglect). The debtor made the request in accordance with 11 U.S.C. § 109(h)(3) and the Court denied it.

Even assuming, *arguendo*, that there was excusable neglect here, there was no excusable neglect in the context of the motion to dismiss the case. As noted, the debtor's arguments appear to be addressed to his excusable neglect in failing to timely obtain credit counseling, which was the subject of his August 5, 2010 motion for a temporary waiver of the credit counseling requirement, and this Court's August 5, 2010 order denying that request. The United States Trustee's motion to dismiss the case simply referred to a final order of the Court which had already determined that issue.

There are two salient facts in support of the motion to dismiss the case - (1) the debtor did not receive credit counseling within the 180 day period prior to the filing of the case and (2) the Court denied the debtor's request for a temporary waiver of the requirement. Given those two

8

facts, the law is clear - the debtor was ineligible to be a debtor under 11 U.S.C. § 109(h) and cause therefore existed to dismiss the Chapter 7 case.

The Court correctly applied the law to these facts by granting the motion and entering an order of dismissal. Some courts, including this Court, have held that other factors may be considered, including the "totality of the circumstances" of a Chapter 7 case, in ruling upon motions to dismiss cases for failure to meet the requirements of 11 U.S.C. § 109(h). *See, e.g. In re Nichols*, 362 B.R. 88 (Bankr. S.D.N.Y. 2007). *But see Clippard v. Bass*, 365 B.R. 131, 137 (W.D. Tenn. 2007)(expressing a contrary view). Those decisions appear to primarily deal with issues pertaining to attorney error outside of the debtors' control which resulted in manifest injustice to the debtors. They do not appear to substitute an excusable neglect standard for the "exigent circumstances" standard set forth in 11 U.S.C. § 109(h).

**E.     There is no basis for the imposition of sanctions upon counsel to the United States Trustee.**

Finally, the United States Trustee also opposes the debtor's request, contained within his motion for reconsideration, for the imposition of sanctions. The United States Trustee's motion to dismiss the case was filed in good faith, was based upon the documents of record in this case and well-established law, and was in all respects factually accurate. There is no legal basis for the debtor's request and it should be denied.

### F. CONCLUSION

Based on the foregoing, the United States Trustee believes that the motion for reconsideration should be denied to the extent it seeks to alter the Court's November 17, 2010

order dismissing the case or to impose sanctions.

Dated: December 9, 2010

                                TRACY HOPE DAVIS
                                UNITED STATES TRUSTEE

                 By:    /s/ Lisa M. Penpraze
                        Lisa M. Penpraze, Esq.
                        Assistant United States Trustee
                       74 Chapel Street
                       Suite 200
                       Albany, New York 12207
                       (518) 434-4553

                 By:    /s/ Eric J. Small
                        Eric J. Small, Esq.
                       74 Chapel Street
                       Suite 200
                       Albany, New York 12207
                       (518) 434-4553

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
-------------------------------------------------------x
In re:

       JEFFREY C. BURFEINDT,           Case No. 10-37347 (CGM)
                                               (Chapter 7)

                Debtor.
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee of the Office of the United States Trustee for Region 2 and is a person of such age and discretion as to be competent to serve papers.

That on December 9, 2010, he served a copy of the attached

**MEMORANDUM OF LAW IN SUPPORT OF THE
OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTOR'S MOTION FOR RECONSIDERATION**

by placing a copy in a postpaid envelope addressed to each of the following person(s), at the place(s) and address(es) stated below, and by depositing each envelope and contents in the United States Mail or by electronic notice through the Court's CM/ECF system:

ADDRESSEES:

Jeffrey C. Burfeindt
c/o In Tech
1830 South Road
Suite 24
Wappingers Falls, NY 12590
Chapter 7 debtor

Jeffrey C. Burfeindt
80 Pancake Hollow Road
Highland, NY 12528
Chapter 7 debtor

Banner & Banner
Attn: Paul L. Banner, Esq.
515 Haight Avenue
Second Floor, Suite A
Poughkeepsie, NY 12603
Chapter 7 trustee

Dated: Poughkeepsie, New York
    December 9, 2010
                      <u>/s/ Eric J. Small</u>